IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


**STEVEN RAMÍREZ-TORRES,**          *
Petitioner,                        *
                                   *
                                   *
          v.                       *     Civil No. 07-2062 (DRD)
                                   *     Related to Crim. No. 04-012(DRD)
                                   *
**UNITED STATES OF AMERICA,**       *
Respondent.                        *
_____    *


## <u>OPINION AND ORDER</u>

Steven Ramírez-Torres (hereinafter, "Petitioner" or "Petitioner Ramírez-Torres") proceeding *pro se*, has moved to vacate, set aside, or correct his sentence pursuant to section 2255 of Title 28 of the United States Code. Following a plea of guilty, Petitioner Ramírez-Torres was convicted with conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841 (a)(1) and 841 (B)(1)(a) and 846. Petitioner did not appeal. In his present *pro se* motion, Petitioner seeks relief under the provisions of 28 U.S.C. § 2255, raising ineffective assistance of counsel claims. This Court notes that Petitioner's motion under 28 U.S.C. § 2255 is time-barred, and thus foreclosed, because the one-year statute of limitations to present such a claim expired more than three years ago and, in the alternative, this action is moot because Petitioner has been released from the custody of the Federal Bureau of Prisons.

**II. DISCUSSION**

Civil No. 07-2062(DRD)
Criminal No. 04-012(DRD)                                    Page 2

     There is a one-year statute of limitations period on the filing
of all non-capital habeas petitions and motions attacking sentence in
federal courts.  28 U.S.C. §§ 2244(d)(1), 2255.  Unless one of the
three exceptions applies as provided in §2255 (2)-(4), the statutory
period begins to run on "the date on which the judgment of conviction
becomes final." 28 U.S.C. § 2255 (1).  Thus, the relevant date for
purposes of considering the instant motion is "one year following the
date on which the judgment of conviction [became] final." 28 U.S.C.
§ 2255(1).  The statute does not define when a judgment of conviction
becomes "final" within the meaning of § 2255.  However, some circuit
courts of appeal have issued rulings on this issue, finding that a
final conviction occurs at the expiration for filing a direct appeal.
See, Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000);
Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005) (holding
that for purposes of 2255 motions, an unappealed federal criminal
judgment becomes final when the time for filing a direct appeal
expires"); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th
Cir. 2004) ( "[A]n unappealed federal criminal judgment becomes final
after it is entered, for the purposes of the § 2255 statute of
limitations." );  Kapral v. United States, 166 F.3d 565, 577 (3rd Cir.
1999) ( "If a defendant does not pursue a timely direct appeal to the
court of appeals, his or her conviction and sentence becomes final,
and the statute of limitation begins to run, on the date on which the
time for filing such an appeal expired." ).

Civil No. 07-2062(DRD)
Criminal No. 04-012(DRD)                                          Page 3

Petitioner Ramírez-Torres' judgment of conviction was entered on August 27, 2004.  His judgment of conviction became "final" for purposes of § 2255(1) on September 7, 2004, ten days following entry of judgment.  Fed.R.App.P 4(b).  The Petitioner filed his § 2255 motion on November 6, 2007, more than three years following finality of judgment.  His failure to acknowledge or explain this egregious delay suggests that he was unconcerned with the statutory requirement.  Petitioner's ignorance of the law, however, is insufficient to justify the extraordinary action of departing from the will of Congress as clearly expressed in § 2255.  Therefore, having failed to file his motion within one year of the date that his conviction became final, Petitioner Ramírez-Torres' motion is untimely.

More important, as Petitioner Ramírez-Torres (Reg. No. 24047-069) was released from the custody of the Federal Bureau of Prisons on May 1, 2008, this action is moot.  See, http://www.bop.gov; Steven Ramírez-Torres v. USA, Civ. No. 07-1977 (JAF).

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner STEVEN RAMÍREZ-TORRES is not entitled to federal habeas relief on the claims presented.

Accordingly, it is ordered that Petitioner STEVEN RAMÍREZ-TORRES' request for habeas relief under 28 U.S.C. §2255 (D.E. 1) is

Civil No. 07-2062(DRD)
Criminal No. 04-012(DRD)                                    Page 4

**DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence

under 28 U.S.C. §2255 (D.E. 1) is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 11th of February, 2009.


                         s/ Daniel R. Domínguez
                         **DANIEL R. DOMÍNGUEZ**
                         **U.S. District Judge**